# Milbank

**SCOTT A. EDELMAN**
*Partner and Chairman*
55 Hudson Yards | New York, NY 10001-2163
T: +1 (212) 530-5149
sedelman@milbank.com | milbank.com

*[Handwritten annotations: Compliant with 7 days of the Order. Joint Motion to Extend Sealing (ECF 117) is GRANTED. File redacted. Oct 7 Conference is VACATED. (ECF 120). SO ORDERED /s/ USDJ 8-28-24]*

August 28, 2024

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *AT&T Enterprises, LLC v. Frontier Communications ILEC Holdings LLC, et al.*,
            No. 1:24-cv-05980-PKC

Dear Judge Castel:

    We are counsel to all defendants that were named in the above-captioned action (collectively, "Defendants"). On August 19, 2024, Plaintiff AT&T Enterprises, LLC ("Plaintiff") voluntarily dismissed this action, in its entirety, without prejudice. ECF No. 118. Thereafter, on August 20, 2024, the Court scheduled the Initial Pretrial Conference in this action for October 7, 2024. ECF No. 119. We write to: (1) respectfully suggest that the Initial Pretrial Conference is not necessary in light of the dismissal; (2) advise the Court that, notwithstanding the dismissal, the parties' Joint Motion to Extend Temporary Sealing of Complaint (ECF No. 117) (the "Joint Sealing Motion")—which enclosed a redacted version of the Complaint (ECF No. 117-1) (the "Redacted Complaint")—remains pending before the Court; and (3) respectfully request that the Court extend indefinitely the sealing of the Complaint (ECF No. 1) and permit the filing of the Redacted Complaint in its place.

    *First*, Defendants respectfully submit that the Initial Pretrial Conference scheduled for October 7, 2024, at 10:00 a.m. (ECF No. 119), is not necessary in light of Plaintiff's dismissal of its claims. Prior to Defendants' deadline to respond to the Complaint, Defendants informed Plaintiff that this Court lacked subject matter jurisdiction over this action.[1] On August 19, 2024, Plaintiff filed its notice of voluntary dismissal. ECF No. 118. Defendants respectfully submit that, on account of the dismissal, the scheduled Initial Pretrial Conference should be removed from the Court's calendar.

---

[1]    The sole basis for subject matter jurisdiction alleged in the Complaint was diversity of citizenship under 28 U.S.C. § 1332. Compl. ¶ 58. As set forth in Defendants' Rule 7.1 Corporate Disclosure Statement (a draft of which Defendants shared with Plaintiff in advance of its filing), complete diversity was lacking because Plaintiff is a citizen of Texas and certain Defendants also are citizens of Texas. ECF No. 116.

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

August 28, 2024                                                                                                          Page 2

*Second*, although this action is now marked "closed" on the Court's docket following the dismissal, the parties' Joint Sealing Motion (ECF No. 117)—which Plaintiff filed on August 19, 2024—remains pending before the Court. As the parties explained in the Joint Sealing Motion, the Complaint concerns an agreement between the parties that contains a confidentiality provision governing the disclosure of certain confidential information thereunder. *See* ECF No. 117 at 3. After Plaintiff filed the Complaint, Defendants promptly informed Plaintiff that Defendants believe: (1) the Complaint improperly and unnecessarily disclosed certain highly confidential and competitively sensitive business information; and (2) the disclosure of that information risked significant and lasting injury to Defendants' competitive position.

Following a meet-and-confer process, Plaintiff requested and obtained an emergency temporary sealing of the Complaint via an email request to the ECF Help Desk. *See* ECF No. 117 at 2. Immediately thereafter, Plaintiff filed the parties' Joint Sealing Motion, which, among other things, enclosed the Redacted Complaint containing narrowly tailored redactions Defendants believe are necessary to protect the confidentiality of their competitively sensitive information. ECF Nos. 117; 117-1. In the Joint Sealing Motion, the parties requested that the Court: "(1) extend the temporary sealing of the Complaint in its entirety; (2) grant Plaintiff leave to file the [Redacted Complaint] in its place; and, if the Court deems necessary in light of [Plaintiff]'s notice of dismissal, (3) set an August 29, 2024 deadline for [Defendants] to file a further application to the Court regarding the continued sealing of the unredacted version of the Complaint." ECF No. 117 at 3. The Court has not yet addressed the Joint Sealing Motion.

*Third*, in light of the dismissal of this action and Plaintiff's subsequent filing of a substantially identical action in New York County Supreme Court (in which Plaintiff omitted from its complaint the sensitive information at issue), Defendants respectfully request that the Court extend indefinitely (rather than temporarily) the sealing of the Complaint and permit the filing of the Redacted Complaint in its place. In considering a sealing request, courts must, among things, assess: (1) the weight of the presumption of public access attaching to the document or information at issue, which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts"; and (2) whether any countervailing factors or values outweigh the weight of any such presumption, including "[t]he nature and degree of injury" resulting from disclosure. *United States v. Amodeo*, 71 F.3d 1044, 1049-51 (2d Cir. 1995); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

Here, the weight of the presumption of public access with respect to the particular information that is the subject of the redactions in the Redacted Complaint is very low. The Court lacked subject matter jurisdiction over this action from the outset and Plaintiff has already voluntarily dismissed its Complaint. ECF No. 118. Because the Court will not need to address the Complaint—let alone the discrete allegations at issue—the public has limited, if any, interest in the portions of the Complaint that are the subject of the proposed redactions. *See, e.g., Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 70 (2d Cir. 2023) (holding that the "presumption of access to judicial documents" was "weaker" where the court lacked subject matter jurisdiction and the document played no "role in the exercise of Article III judicial power") (citation and internal quotation marks omitted); *Lohnn v. Int'l Bus. Machs. Corp.*, 2022 WL 3359737, at *5 (S.D.N.Y.

August 28, 2024                                                                                                           Page 3

Aug. 15, 2022) (holding that the "presumption of access is low" where documents "will not play a role in the exercise of judicial power and only provide marginal additional monitoring value"). Moreover, the specific allegations that are the subject of the narrowly tailored redactions in the Redacted Complaint were, at most, of limited peripheral relevance to the claims asserted and the relief sought in the Complaint. Indeed, after Plaintiff dismissed this action, Plaintiff filed a complaint against Defendants in New York County Supreme Court.[2] Although Plaintiff asserts the same claims and seeks the same relief in that action, the complaint Plaintiff filed therein *omitted all of the details* that Defendants believe to be highly confidential and commercially sensitive.

Where, as here, "the weight of the presumption is low," it "amounts to little more than a prediction of public access absent a countervailing reason." *Amodeo*, 71 F.3d at 1050. Here, the harm that will result to Defendants from ongoing disclosure of Defendants' competitively sensitive business information outweighs any limited weight afforded to the weak presumption of public access with respect to the specific information at issue. *See id.* Courts in this District routinely permit narrowly tailored redactions of competitively sensitive information. *See, e.g., Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) ("[P]rotecting the confidentiality of sensitive business information is a legitimate basis for rebutting the public's presumption of access to judicial documents.").

Finally, Defendants respectfully submit that the court overseeing the New York County Supreme Court action will be well-positioned to balance the weight of the presumption of public access and the countervailing values and factors, including the harm to Defendants, as applied to the specific information at issue in the event it becomes necessary for that court to consider this information in the context of that pending litigation.

Accordingly, Defendants respectfully request that the Court: (1) remove the Initial Pretrial Conference scheduled for October 7, 2024 from the case calendar; and (2) extend the sealing of the Complaint in its entirety and permit the filing of the Redacted Complaint in its place.

To the extent that the Court should require any further information in support of these requests, Defendants are prepared to submit such information promptly.

Respectfully submitted,

*/s/ Scott A. Edelman*

Scott A. Edelman

---

[2]      *See generally* Verified Complaint, *AT&T Enterprises, LLC v. Frontier Communications ILEC Holdings LLC, et al.*, No. 654265/2024 (N.Y. Sup. Ct. Aug. 21, 2024), Dkt. No. 2.